USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-8-09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - x

NOVO NORDISK INC.,

               Plaintiff,

   v.

SANOFI-AVENTIS
DEUTSCHLAND GmbH,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - x

No. 1:09-cv-00047-PKC

## STIPULATION AND [PROPOSED] PROTECTIVE ORDER

The parties to this action having determined that certain documents and information produced or to be produced during discovery in this litigation should be kept confidential in order to protect the legitimate business interests of the parties and their customers, business partners, and other persons, including non-parties to this action, and good cause having been shown, it is this ____ day of _____, 2009, by the United States District Court for the Southern District of New York, hereby ORDERED:

1.    This Stipulation and Protective Order (the "Order") shall govern all documents, the information contained therein, and all other information produced or disclosed in the course of the above-captioned action (the "Proceeding"), whether revealed in a document, declaration, expert report, deposition or other testimony, discovery response, or otherwise, by any party to this Proceeding (the "Disclosing Party") to any other party (the "Receiving Party"), when such information is designated in accordance with this Order.

2.    A copy of this Order shall be furnished to each third party required to produce documents or otherwise formally disclose information in response to discovery requests during the Proceeding. Such third parties may elect to avail themselves of, and agree to be bound by the

terms and conditions of this Order and thereby become a Disclosing Party for purposes of this Order.

3.     A Disclosing Party shall have the right to designate as "CONFIDENTIAL" any information that the party believes in good faith (a) constitutes, reflects or discloses that party's confidential or proprietary information and (b) is not publicly known or available.

4.     A Disclosing Party shall have the right to designate as "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY" information entitled to protection under the Federal Rules of Civil Procedure, the disclosure of which the Disclosing Party in good faith believes would cause harm to the competitive position of the disclosing party.  Such information may include:

        a.     Confidential financial information not publicly available, such as revenue from sales of products or licenses, net and gross revenue, profit and loss statements, earnings statements, accounts receivable/payable statements, business plans and strategic planning materials, including forecasts and marketing plans;

        b.     Confidential technical documents, including but not limited to, product specifications, testing and analysis, design and development documents;

        c.     Trade secrets, as defined by the Uniform Trade Secrets Act;

        d.     Customer lists and competitive market information;

        e.     Agreements containing sensitive business information and documents and information produced or obtained pursuant to such agreements and as to which an obligation of confidentiality attaches; and

        f.     Unpublished patent applications and related prosecution documents.

2

However, information is not necessarily HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY simply by virtue of falling within one of the foregoing categories; rather the Disclosing Party must have afforded such information protections commensurate herewith to avail itself of such designation. Furthermore, the enumeration of the foregoing categories shall not be construed as suggesting or implying that information falling into one or more of these categories is discoverable in this litigation and shall not preclude any party from objecting to the discovery of such information for any reason.

     5.     A Receiving Party that receives CONFIDENTIAL information from a Disclosing Party may only use that information for purposes of this litigation and may only disclose that CONFIDENTIAL information to the following persons and under the following restrictions:

     a.     Outside counsel to the parties to this action, including professional, paralegal, clerical, secretarial, or other employees of such counsel.

     b.     Two (2) designated in-house attorneys of the Receiving Party who are involved in the Proceeding on behalf of the Receiving Party, and two (2) corporate designees of the Receiving Party, provided such persons agree, in advance of receiving CONFIDENTIAL information, to be bound by this Order by executing an Acknowledgment in the form attached to this Order as Exhibit A, and that the Receiving Party provide notice to the Disclosing Party, consisting of the name of the designated in-house attorney or corporate designee and a copy of his/her executed Acknowledgment before CONFIDENTIAL information is disclosed to such persons.

     c.     Independent consultants or experts, including their normal employees, staff and assistants who are not otherwise employees, agents or representatives of a party, and who are expressly retained by an attorney described in paragraph 5(a) to assist in preparation for

3

trial in this litigation, provided such consultants or experts agree, in advance, to be bound by this Order by executing an Acknowledgement in the form attached to this Order as Exhibit A. Prior to revealing any HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY information to the consultant or expert, the Receiving Party's counsel shall provide written notice to the Disclosing Party's counsel, which shall then have three business days to object in writing. The written notice shall include the expert or consultant's executed Acknowledgment, curriculum vitae, a list of all the consultant's or expert's prior experience with any party to the Proceeding and any entity related to the parties, and a list of all cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. The Receiving Party shall not disclose any HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY information to the consultant(s) or expert(s) until the expiration of the notice period. No objection to the disclosure of HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY information to a proposed consultant(s) or expert(s) shall be made unless the objecting party has a good faith basis for same, and if the Disclosing Party objects to the disclosure of HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY information to the proposed consultant(s) or expert(s), it shall provide an explanation of the basis of its objection in writing. If the Receiving Party receives an objection from the Disclosing Party before the end of the notice period, the Receiving Party shall not disclose any HIGHLY CONFIDENTIAL— OUTSIDE COUNSEL EYES ONLY information to such consultant(s) or expert(s). The objecting party will have five business days from the date that notice was provided to the Receiving Party to file a motion for a protective order with the Court. If a motion is filed with the Court, no HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY information should be provided to the expert or consultant until the motion is decided or the Disclosing Party

4

agrees to permit disclosure to the expert or consultant. If a motion is not filed within five business days of the date notice of the objection was provided to the Receiving Party, the objection is deemed to be waived and HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY information can be provided to the expert or consultant.

        d.     Court stenographers, outside copying, litigation support, or exhibit preparation services, interpreters or translators whose functions require them to have access to CONFIDENTIAL information; and

        e.     The Court and its personnel.

      6.     A Receiving Party that receives HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY information from a Disclosing Party may only disclose such HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY information to the persons described in subparagraphs 5(a) and (c)-(e) and under the same restrictions described in those subparagraphs.

      7.     No provision of this Order shall be construed to prohibit in-house attorneys of a Receiving Party from receiving (i) any documents prepared by the Receiving Party's outside counsel, (ii) any documents prepared by the Receiving Party's independent consultants or experts, or (iii) any transcripts of depositions, hearings, evidentiary hearings or trials, *provided* that any information of another party that has been designated HIGHLY CONFIDENTIAL— OUTSIDE COUNSEL EYES ONLY shall be redacted from such documents.

      8.     Persons receiving CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY information are prohibited from disclosing it to any person, except in conformity with this Order, or such other Orders as may issue from a court of competent jurisdiction. The recipient of any CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE

COUNSEL EYES ONLY information will maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

9.      CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY material shall be used only for purposes of this litigation. Specifically, but without limitation, it shall not be used in any proceedings in any other court, tribunal, or patent office (including in any opposition, reexamination or other proceeding). The recipient of any CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY information hereby agrees to subject itself/himself/herself to jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Order.

10.     In the event that a Receiving Party or other individual described in paragraph 5 is served with a subpoena or other judicial process demanding the production or disclosure of any CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY information, the Receiving Party or individual shall provide the Receiving and Disclosing Parties with a copy of the subpoena or other judicial process within five business days.

11.     Parties shall designate information as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY" as follows:

a.      In the case of documents, interrogatory answers, responses to requests for admission, and the information contained therein, designation shall be made by placing one of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY" legends on each page of any such documents. In the case of documents provided for

6

inspection, in lieu of marking the original of a document that contains CONFIDENTIAL or

HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY information prior to

inspection, all information contained in such documents shall be treated as HIGHLY

CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY until such time as the documents are

produced.  Any copies of such documents must be marked with one of the above legends by the

Disclosing Party at the time they are supplied to the Receiving Party.

        b.    In the case of depositions, designation of all or a portion of the transcript

that contains CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES

ONLY information shall be made by a statement to such effect on the record in the course of the

deposition or upon review of such transcript by the attorneys for the party whose

CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY

information the deponent has disclosed.  Such review and written designation shall occur within

five business days after receipt of the final transcript and shall include designation as to the pages

of the transcript containing such designated information, if not made orally during the

deposition.  The transcript shall be treated as HIGHLY CONFIDENTIAL—OUTSIDE

COUNSEL EYES ONLY until such designation is made or until expiration of five business days

after receipt of the transcript, whichever comes first.  If no designation is made, either orally

during the deposition or in writing within five business days after receipt of the transcript, the

transcript shall be considered not to contain any CONFIDENTIAL or HIGHLY

CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY information.  If during the course of a

deposition, questions are asked that require the disclosure of CONFIDENTIAL or HIGHLY

CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY information, the party whose

information is to be disclosed may require that only qualified persons under paragraphs 5 (for

CONFIDENTIAL information) and 6 (for HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL

EYES ONLY information), the deponent, the deponent's counsel, and the court reporter be

allowed to be present during such portion of the deposition.

        c.    Material designated as CONFIDENTIAL or HIGHLY

CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY shall not be filed with the Court unless

it is necessary to do so for purposes of trial, motions or other matters. Any papers containing

CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY

information with the Court shall be filed under seal in the manner provided in the Court's

Electronic Case Filing Rules and Instructions Rule 6 ("ECF Rule 6"). Namely, papers filed

under seal will not be filed electronically and will be placed in a sealed envelope, with this

Order, as entered by the Court, affixed to the outside of the envelope. The sealed envelope will

also prominently bear on the outside appropriate identification information including the title of

the filing and the filing party. A public copy of such court papers with CONFIDENTIAL or

HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY information redacted

therefrom may also be filed in the Clerk's office. Nothing in this provision shall restrict a filing

party's right to challenge the designation of CONFIDENTIAL or HIGHLY CONFIDENTIAL—

OUTSIDE COUNSEL EYES ONLY information as otherwise provided by this Order.

        12.    A party shall not be obligated to challenge the propriety of any designation of

CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY

information at the time the designation is made, and failure to do so shall not preclude a

subsequent challenge to the designation. In the event that any party to this action disagrees at

any stage of this action with any designation, such party shall provide written notice of its

disagreement with the designation to the Disclosing Party. The parties shall first try to dispose

of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party

challenging the designation may request appropriate relief from the Court. The burden of

proving that information has been properly designated is on the Disclosing Party.

      13.   a.    If a party through inadvertence produces information or provides

discovery that it believes is subject to a claim of attorney-client privilege or work product

immunity, the Disclosing Party may give written notice to the Receiving Party that the document

or thing is subject to a claim of attorney-client privilege or work product immunity and request

that the document or thing be returned to the Disclosing Party. The Receiving Party shall either

promptly move for a judicial determination of the validity of the privilege or work product claim

or return to the producing party such document or thing and destroy all copies. Return of the

document by the Receiving Party shall not constitute an admission or concession by the

Receiving Party, or permit any inference, that the returned document or thing is, in fact, properly

subject to a claim of attorney-client privilege or work product immunity nor shall it foreclose any

party from moving the Court for an order that such document or thing has been improperly

designated or should be producible for other reasons. Moreover, the inadvertent production of a

document or information subject to the attorney-client privilege or work product immunity shall

not result in any waiver of the attorney-client privilege or work product immunity

      b.    If the Receiving Party contests the privilege or work-product designation

by the producing party, the Receiving Party shall, within five business days, give the producing

party written notice of the reason for said disagreement and shall be entitled to retain one copy of

the disputed document for use in resolving the dispute. The Receiving Party shall, within ten

business days from the initial notice by the producing party, seek an order from the Court

compelling the production of the material. If no such order is sought, upon expiration of the ten-

day period then all copies of the disputed document shall be returned in accordance with this paragraph. Any analyses, memoranda or notes which were internally generated based upon such inadvertently-produced information shall immediately be placed in sealed envelopes, and shall be destroyed in the event that (i) the Receiving Party does not contest that the information is privileged, or (ii) the Court rules that the information is privileged. Such analyses, memoranda or notes may only be removed from the sealed envelopes in the event that the producing party agrees in writing that the information is not privileged, or the Court rules that the information is not privileged.

        c.     If a party through inadvertence produces or provides discovery of any CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY information without labeling or otherwise designating it under the terms of the Order, the Disclosing Party may give written notice to the Receiving Party that the document, thing, or other discovery information, response, or testimony should be treated in accordance with the provisions of this Order, provided that the Disclosing Party provides properly designated replacement copies. The Receiving Party must treat the documents, things, information, responses and testimony as designated from the date the notice is received. Disclosure of the mislabeled or unlabelled documents, things, information, responses, and testimony to a non-authorized person prior to receipt of the notice will not be a violation of this Order. The Receiving Party will notify those persons to whom disclosure was made of the existence of this Order, that the disclosed material must thereafter be treated in accordance with this Order, and have the unauthorized party provide the Disclosing Party with an undertaking in the form of Exhibit A. Upon request of the Disclosing Party, the Receiving Party will have the non-authorized person destroy all copies of the mislabeled or unlabelled documents, things,

10

information, responses, and testimony in their possession, as well as all materials derived from such materials, and sign an oath that such documents, things, information, responses, and testimony and all materials derived from such information have been destroyed.

14.    Nothing in this Order shall preclude any party or its attorneys from (a) showing a document designated CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY at a deposition to an individual who prepared, received, or reviewed the document prior to his or her deposition, (b) using at a deposition of an employee or expert of a party any document that the employee's or expert's party designated CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY, or (c) disclosing or using, in any manner or for any purpose, any information or documents that the party itself has designated CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY.

15.    A Party may refer to CONFIDENTIAL or HIGHLY CONFIDENTIAL— OUTSIDE COUNSEL EYES ONLY information in pretrial conferences before the Court, evidentiary hearings and at trial. The use of CONFIDENTIAL or HIGHLY CONFIDENTIAL— OUTSIDE COUNSEL EYES ONLY information at evidentiary hearings and at trial may be addressed in subsequent orders prior to such hearings and in the final pretrial order. Any Party or attorney that reasonably believes that he or she will disclose information that is CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY in a hearing or any other public proceeding before the Court other than at trial and evidentiary hearings shall so inform the Court and the Disclosing Party in advance of actual disclosure insofar as possible. If the Disclosing Party objects, the Disclosing Party may ask the Court to decide what precautions, if any, are appropriate to protect the CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY information, including how exhibits

11

designated CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY shall be filed to maintain their confidentiality.

16.    Nothing herein shall prevent either Party from applying to the Court for a modification of this Order.

17.    The restrictions provided for herein shall not terminate upon the conclusion of this action but shall continue until further order of this Court; provided, however, that this Order shall not be construed: (a) to prevent any party or its attorneys from making use of information which was lawfully in its possession prior to its disclosure by the Disclosing Party; (b) to apply to information which appears in issued patents or public records or printed publications or becomes publicly known other than as a result of disclosure by the Receiving Party, or (c) to apply to information that any party or its attorneys have, after disclosure by the Disclosing Party, lawfully obtained from another party or third party having the right to disclose such information. The parties agree that the Court retains jurisdiction, and agree not to contest the Court's jurisdiction, to enforce the terms of this Order following the termination of this action.

18.    Within twenty business days of final termination of this action by entry of a final judgment from which no further appeal has been taken or by settlement, all copies and samples of information or material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY and any other summaries, abstracts, excerpts, indices, and/or descriptions of such material and information derived from such material that are recorded in any tangible form shall be assembled by counsel for the receiving party and returned (except for any that may be retained by the Court) to the producing party or destroyed, in which case counsel for the receiving party shall certify the destruction thereof. Within twenty business days of formal termination of this action by entry of a final judgment from which no further

12

appeal has been or can be taken, any party that has filed CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY information with the Court may move for the return or destruction of the filed CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY information. If any party fails to move within ten business days for the return or destruction of CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY information that it has filed, the opposing party may move for the return or destruction of the CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY information, which motion shall be considered an agreed motion.

19.    The stipulating parties agree to treat all CONFIDENTIAL and HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY information pursuant to the provisions of this Protective Order regardless of the source, owner, or originator of such information, and this Order shall be applicable to any other party or third party that produces information to a party in this action that is designated by such other party or third party as containing CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY information.

20.    This Order is without prejudice to the right of any party to seek relief from the

Court upon good cause shown from any of the provisions contained herein.

Dated: New York, New York

April 7, 2009

David B. Tulchin (DT-5557)
Marc De Leeuw (MD-2166)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
(212) 558-4000

Attorneys for Plaintiff

William E. Solander
FITZPATRICK, CELLA, HARPER &
SCINTO LLP
30 Rockefeller Plaza
New York, New York  10112
(212) 218-2100


Paul H. Berghoff
David M. Frischkorn
James M. McCarthy
MCDONNELL BOEHNEN HULBERT &
BERGHOFF LLP
300 South Wacker Drive
Chicago, Illinois  60606
(312) 913-0001

Attorneys for Defendant

SUBJECT TO
ADDENDUM.

SO ORDERED, this _____ day of _____, 2009

Hon. P. Kevin Castel
United States District Judge

14

# ADDENDUM

*Novo Nordisk Inc* v. *Sanofi-Aventis*

09 Civ. 0 0 0 4 7 (PKC)

This Addendum is an integral part of the Order of today's date granting confidentiality protection to certain materials. Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995), Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority.

Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, NY

4 - 8 - 09

<u>**EXHIBIT A**</u>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - x

NOVO NORDISK INC.,

                Plaintiff,

     v.

SANOFI-AVENTIS
DEUTSCHLAND GmbH,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - x

No. 1:09-cv-00047-PKC

         The undersigned has read the foregoing Stipulated Protective Order in the above action (the "Order"), understands its contents, and hereby undertakes and agrees to abide by its terms, including without limitation those terms regarding the use of any CONFIDENTIAL or HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY information (as defined in the Order). The undersigned further agrees to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms and conditions of the Order.

Dated: _____

_____
Name (Print or Type)

_____
Signature